## BROADWAY TRUST CO. v. DILL.

(Circuit Court of Appeals, Third Circuit. February 17, 1927.)

No. 3544.

1. Receivers ⬤⟝135—Federal court in receivership proceeding has jurisdiction and power to order public sale of real estate free of liens.

In receivership proceedings, federal court, under general equity authority, has power and jurisdiction to order a public sale of real estate, free and divested of liens, over objection of trustee under mortgage.

2. Receivers ⬤⟝135—Order for sale of insolvent farms company's real estate, free and divested of liens, held proper.

Where receivership of insolvent farms company, owning large tract of unproductive timber land, had continued for nearly three years, without any attempt on part of trustee under mortgage of such land to foreclose mortgage, and where there was dispute as to how many and what particular kinds of bonds were outstanding, held, order for sale of property, free and divested of liens, was proper.

Appeal from the District Court of the United States for the District of New Jersey; William N. Runyon, Judge.

In the matter of the receivership of the Hanover Farms Company; William L. Dill, receiver. From an order for the public sale of real estate, free and divested of liens, the Broadway Trust Company, trustee under the mortgage, appeals. Affirmed.

Harvey F. Carr, of Camden, N. J., for appellant.

Carl A. Feick and Pitney, Hardin & Skinner, all of Newark, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.    [1, 2] In the receivership of the Hanover Farms Company, the court below, after notice to all parties concerned, made an order for the sale of its real estate at public sale, free and divested of liens. From such order this appeal was taken by the Broadway Trust Company, trustee under a mortgage given to it by the Hanover Farms Company. Two questions are involved: First, the jurisdiction of the court to make the order; second, if jurisdiction existed, was it properly exercised? The pertinent facts are:

The Hanover Farms Company was insolvent, and owned a large tract of unproductive timber land, untenanted, unguarded, and had and has no income to pay taxes or employ watchmen. The receivership has lasted near-

ly three years, and the Broadway Trust Company has made no move and does not now seek to foreclose its mortgage, which was dated January 10, 1913, and became due and payable January 1, 1923. There is a dispute as to how many and what particular valid bonds are outstanding. Under such conditions it is clearly the duty of the court, in wise administrative discretion, to sell the property, and, if it has the power, in order to attract buyers, to reject the private bids and sell it at public sale and divested of liens.

The case therefore resolves itself into one of jurisdiction and power. In that regard we are clear the court had jurisdiction and power under its general equity authority as a federal court. Without citing the many cases recognizing such right, it suffices to refer to Mellen v. Moline, 131 U. S. 367, 9 S. Ct. 786, 33 L. Ed. 178 where the general principle is stated: "The removal of alleged liens or incumbrances upon property, the closing up of affairs of insolvent corporations, and the administration and distribution of trust funds, are subjects over which courts of equity have general jurisdiction."

Holding, as we do, the court below had the power to order a sale divested of liens, and that its power was wisely exercised, its decree is affirmed.